UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22609-CIV-MORENO/SIMONTON

RICHARD PILKERTON,

    Plaintiff,

v.

CARNIVAL CORP., et al.,

    Defendants.
_____/

## ORDER GRANTING, IN PART, PLAINTIFF'S MOTIONS TO COMPEL

Presently pending before this Court are Plaintiff's Motion To Compel Carnival Corporation To Provide Better Responses To Plaintiff's Initial Interrogatories (DE # 96) and Plaintiff's Motion To Compel Carnival To Provide Better Responses To Plaintiff's First Request For Production (DE # 97). These motions are referred to the undersigned Magistrate Judge (DE # 80). The motions are fully briefed (DE ## 105, 107). For the reasons stated below, Plaintiff's motions to compel are granted in part.

    I. **Background**

Plaintiff is proceeding under a seven-count Amended Complaint (DE # 56). In the Amended Complaint, Plaintiff alleges that on October 25, 2005, while he was a passenger on one of Defendant Carnival's cruise ships, he participated in a shore excursion on Grand Cayman Island, and that he had purchased the tickets for the shore excursion from Carnival in the United States. Plaintiff contends that while he was on the shore excursion boat, he suffered severe injuries to his wrist, due to a fall from the boat's stair ladder. Plaintiff contends that Defendants Caymanian, XYZ, and Native Way were in some way related to the operation of the shore excursion and were negligent in their

operation of the shore excursion (Counts III, IV and VII).¹ Plaintiff alleges that the incident occurred due to Carnival's failure to provide reasonably safe conditions during the shore excursion, failure to adequately assist Plaintiff in navigating the shore excursion boat's stair ladder, and failure to warn of the dangers of the stair ladder. Plaintiff contends that: Carnival was negligent (Count I); the entity or entitles operating the shore excursion were the apparent agents of Carnival, making Carnival responsible for any negligence by the entity operating the shore excursion (Count V); and Carnival was part of a joint venture operating the shore excursion, making Carnival responsible for any negligence by the joint venturers (Count VI).

## II. The Motions To Compel

The undersigned will examine Plaintiff's contentions discovery request by discovery request.

### A. Interrogatory 5

In this interrogatory, Plaintiff asked for specific information concerning Carnival's insurance policy covering Carnival's liability for the incident at issue. Carnival responded with general information about its indemnity policies, and referred Plaintiff to the Standard Shore Excursion Contractor Agreement.

Plaintiff asks that Carnival be compelled to fully answer the interrogatory by stating the names of all named insureds on the policy, the name, type and identifying number of the policy, the limits of liability of each policy, the name, address and employer of the present custodian of each policy, and whether any question or controversy exists as to coverage. Plaintiff asserts that the Standard Shore Excursion

---

¹ Plaintiff has not served Defendants XYZ and Native Way. Plaintiff's motion for default judgment against Defendant Caymanian is pending.

Contractor Agreement, referenced by Carnival, does not provide any responsive information (DE # 96 at 2-3).

Carnival contends in its response, for the first time, that Plaintiff has failed to provide an admissible use for the requested information (DE # 105 at 2-3).

Plaintiff replies that the requested information is relevant to establish if there is any connection between Carnival and Defendant Caymanian, which goes to Plaintiff's theories of vicarious liability and joint venture (DE # 107 at 2).

Plaintiff's request to compel a better response to this interrogatory is granted. Plaintiff has shown that the interrogatory is reasonable calculated to lead to the admission of relevant evidence. Moreover, the undersigned notes that Carnival did not object to the interrogatory on relevance grounds or on any other grounds, but merely provided a partial answer.

    B. <u>Interrogatory 13, Requests For Production 32 and 33</u>

In interrogatory 13, Plaintiff asked Carnival to state the amount it charged for the shore excursion, and the full distribution of the money collected by Carnival for the shore excursion. In request 32, Plaintiff asked Carnival to produce all documents reflecting any charges for and/or monies collected for the subject shore excursion. In request 33, Plaintiff asked Carnival to provide all documents reflecting the distribution of the money collected by Carnival for the shore excursion. Carnival objected to interrogatory 13 and requests 32 and 33 on the same grounds, that the requested information and documents were irrelevant and also contained protected trade secret/proprietary information whose disclosure would give Carnival's competitors an advantage.

Plaintiff asserts that the requested information and documents are relevant

because they shed light on the relationship between Carnival and the other entities that provide shore excursion services.  Plaintiff notes that as the amount charged for the excursion is public knowledge, it cannot be considered a trade secret.  Plaintiff also contends that even if the information and documents relating to the distribution of the money constitutes a trade secret, the information and documents should be divulged because they are reasonably necessary for Plaintiff to ascertain the relationship between Carnival and the other entities providing shore excursion services (DE # 96 at 3-5; DE # 97 at 4).

Carnival responds that it has sufficiently pled the trade secret privilege.  Carnival also states that Plaintiff has deposed Carnival's corporate representative at great length concern the nature of the relationship between Carnival and the shore excursion providers (DE # 105 at 3-6, 9-10).

Plaintiff replies that the information and documents are requested to try and show that Carnival has a sufficient interest in the shore excursion at issue to make Carnival responsible for its passenger's safety concerns when on the shore excursion, and also to attempt to establish a joint venture between Carnival and Defendant Caymanian.  Plaintiff reiterates that Carnival has not shown any harm which may result from disclosure of this information (DE # 107 at 2-3, 5).

Plaintiff's motions to compel better responses to requests 32 and 33 and to interrogatory 13 are granted.  The amount charged for the shore excursion is not a trade secret, but is a matter of public knowledge.  While the division of the amount charged for the shore excursion between Carnival and Caymanian may well be a trade secret, it is relevant and discoverable.  However, Plaintiff may only use this information for the purposes of this litigation and may not, without leave of court, divulge this information

to any person or entity not involved in this litigation .

    C. <u>Interrogatory 15</u>

In this interrogatory, Plaintiff asked Carnival to state the name, address, and department of the persons responsible for selecting the shore excursion at issue for inclusion by Carnival, and the date the shore excursion began to be offered by Carnival. Carnival provided the name of the person currently responsible for selecting the shore excursion, Amilcar Cascais, and stated this person had begun his employment with Carnival in 1999, and at that time the shore excursion was already in existence.

Plaintiff asks for the address and department of Cascais. Plaintiff also requests the information about who originally selected the shore excursion at issue for inclusion by Carnival, and the date upon which Carnival first started offering the excursion (DE # 96 at 5).

Carnival states that the address and department of Cascais is irrelevant as Cascais is an employee of Carnival and must be contacted through counsel. Carnival also states that to determine the information concerning the persons responsible for Carnival initially selecting the shore excursion at issue for inclusion would require a review for archived records from the previous excursion manager, if they were maintained, and that Plaintiff has not indicated the importance of that information Carnival (DE # 105 at 6-7).

Plaintiff replies that the department and address of Cascais are necessary to establish that Cascais is based in Miami. Plaintiff also contends that it is relevant whether Carnival's involvement with the shore exclusion began in 1999 or earlier, as it goes to the extent of Carnival's relationship with Caymanian (DE # 107 at 3-4).

Plaintiff's request to compel a better response to this interrogatory is granted in

part. Carnival must tell Plaintiff whether Cascais works in Miami, Florida, and the name of the Carnival department for which he works. Moreover, Carnival must provide the information sought with respect to the length of time the shore excursion has been offered and the identification of the persons responsible for selecting this excursion as this information may lead to relevant evidence concerning the nature of the relationship between Carnival and Caymanian, as well as relevant evidence regarding this Court's personal jurisdiction over Caymanian. Carnival's assertion that providing this information will require the review of archived records is not sufficient to establish an undue burden on Carnival, and therefore, Carnival must provide Plaintiff with the requested information.

D. **Interrogatory 20**

In this interrogatory, Plaintiff asked Carnival to list all methods by which a passenger may purchase the shore excursion at issue and to state the physical location of the Carnival departments which process the purchase of the shore excursions. Carnival objected to the interrogatory as overbroad, irrelevant, immaterial, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Carnival, without waiving the objection, referred to the February 2, 2007 deposition testimony of Carnival's corporate representative.

Plaintiff contends that the policies regarding the offering of the shore excursion at issue are relevant and material to the issues raised in the complaint, and that nothing about the interrogatory is overbroad or unduly burdensome (DE # 96 at 6).

Carnival contends that it has already provided this information in the February 2, 2007 deposition of Carnival's Guest Claims Manager (DE # 105 at 7-8).

Plaintiff replies that he does not understand why Carnival seeks to maintain its

objection in light of its deposition testimony.  Plaintiff contends that the issue of the physical location of the Carnival department which processes the purchase of the shore excursion is in Miami goes to Defendant Caymanian's challenge of this Court's personal jurisdiction over it (DE # 107 at 4).

Plaintiff's request to compel a better response to this interrogatory is granted in part.  Carnival must provide Plaintiff with the physical location of the Carnival departments which process the purchase of the shore excursion.  However, as Plaintiff has not shown why the referenced deposition testimony of Carnival's representative is not a sufficient response to the remainder of the interrogatory, Carnival need not provide a further response to the remainder of the interrogatory.

E. <u>Interrogatory 22</u>

In this interrogatory, Plaintiff asked Carnival to list all the total number of persons who participated in the shore excursion at issue in the years 2004, 2005 and 2006, and for each year, to list the people who at the time of their participation, were taking a cruise with each of six different cruise lines including Carnival.  Carnival objected to the interrogatory as overbroad, irrelevant, immaterial, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff contends that the complaint raises issues regarding Carnival's offering of this shore excursion to Plaintiff and Carnival's knowledge of hazards existing on the shore excursion boats, and, thus, the interrogatory is relevant.  Plaintiff also asserts that nothing about the interrogatory is overbroad or unduly burdensome (DE # 96 at 6-7).

Carnival responds that this request is properly directed to the tour operator that compiles the information, and not to Carnival.  Carnival also states that Plaintiff has failed to show the relevance of the request (DE # 105 at 8-9).

Plaintiff replies that it seeks this information to establish the extent of Carnival's business relationship with Caymanian as it involves the shore excursion at issue. Plaintiff believes that Carnival keeps most of the money it charges for the shore exclusion and provides a majority of the business for the shore excursion at issue. Plaintiff seeks to establish through this interrogatory that Caymanian is subject to this Court's jurisdiction and to establish that the majority of the total persons who participate in the shore excursion at issue are Carnival passengers (DE # 107 at 4-5).

Plaintiff's motion to compel a better response to this interrogatory is granted. Carnival must respond to this interrogatory to the best of its ability. The interrogatory bears some relevance to the relationship between Carnival and Caymanian.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Carnival Corporation To Provide Better Responses To Plaintiff's Initial Interrogatories (DE # 96) and Plaintiff's Motion To Compel Carnival To Provide Better Responses To Plaintiff's First Request For Production (DE # 97), are **GRANTED in part, as stated in the body of the order**. On or before May 7, 2007, Carnival shall provide the ordered better responses to Plaintiff's Initial Interrogatories and First Request For Production.

**DONE AND ORDERED** in chambers, in Miami, Florida, on April 27, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno,
  United States District Judge
All counsel and parties of record